**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| WALTER EVERETT MOORE, III, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-77 |
| v. | |
| WARDEN MARTY ALLEN, et al., | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this 42 U.S.C. § 1983 action while incarcerated at Georgia State Prison in Reidsville, Georgia, to challenge certain conditions of his confinement. Doc. 1. Plaintiff also submitted a motion to proceed *in forma pauperis*, which this Court granted. Docs. 2, 4. Additionally, Plaintiff filed a Motion for Release of Information. Doc. 12. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities and deliberate indifference to serious medical needs against Defendant Allen. However, after the requisite frivolity review, the Court **FINDS** Plaintiff sets forth non-frivolous deliberate indifference claims against Defendants Dugger, Heard, and Patton. Thus, the Court **DIRECTS** the United States Marshal to serve Defendants Dugger, Heard, and Patton with a copy of Plaintiff's Complaint, doc. 1, and this Order without prepayment of cost. Finally, the Court **DENIES** Plaintiff's Motion for Release of Information, doc. 12, as premature.

# BACKGROUND[1]

Plaintiff filed this action on July 16, 2018. Doc. 1. Plaintiff alleges Defendants Marty Allen, Sergeant Dugger, Officer Heard, and Officer Patton were deliberately indifferent to his medical needs, violating the Eighth Amendment. Id. at 1. On April 4, 2018, around 8:30 a.m., Plaintiff heard Sgt. Dugger and Officer Heard approach his dormitory, and he told them he was feeling suicidal. Id. at 5. The two guards told Plaintiff they would call someone to come talk to him, but no one came. Id. At approximately 3:50 p.m., Plaintiff made a cut on his right upper arm. Id. When Officer Patton arrived to perform an inmate count, Plaintiff told her he had cut himself. Id. Officer Patton responded that she did not care and left. Id. Some time later the same day, Officer Heard passed by Plaintiff's dorm for the inmate count, and Plaintiff told her he had cut himself. Id. Officer Heard told Plaintiff to tell the next shift. Id. During the next shift, an officer, who is unknown to Plaintiff, arrived in Plaintiff's dormitory, and he told her he had cut himself, to which she responded "okay" and walked away. Id. At 10:30 a.m. the next day, 18.5 hours after cutting himself, Sergeant Woods brought Plaintiff to the medical ward for treatment. Id. While Plaintiff was in a holding cell in the medical ward, Warden Allen approached him and told him, "I heard my officers let you bleed out until today, I bet you won't be cutting again." Id. at 6. Plaintiff never received mental health treatment related to the incident. Id.

Plaintiff sues each Defendant in his or her official and individual capacity. Id. at 7. As relief, Plaintiff requests $3,600,000 in compensatory damages from each Defendant, $3,600,000 in punitive damages from each Defendant, along with costs, and an injunction requiring the

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

warden to "make a policy ordering all COs, Sgt., and Lts., to call for help as soon as they see that someone has cut or is hanging." Id.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

## I.     Claims Against Defendants in Their Official Capacities

Plaintiff sues all Defendants in both their individual and official capacities.  Doc. 1 at 1,

7.  However, Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in

their official capacities.  States are immune from private suits pursuant to the Eleventh

Amendment and traditional principles of state sovereignty.  <u>Alden v. Maine</u>, 527 U.S. 706, 712–

13 (1999).  Because a lawsuit against a state officer in his official capacity is "no different from a

suit against the [s]tate itself," such a defendant is immune from suit under Section 1983.  <u>Id.</u> at

71.  Here, the State of Georgia would be the real party in interest in a suit against Defendants in

their official capacities as employees and officers of the Georgia Department of Corrections.

Accordingly, the Eleventh Amendment immunizes these actors from suit for monetary damages

in their official capacities.  <u>See</u> <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a

waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages

against Defendants in their official capacities.  Section 1983 does not abrogate the well-

established immunities of a state from suit without its consent.  <u>Will v. Mich. Dep't of State</u>

<u>Police</u>, 491 U.S. 58, 67 (1989).  Therefore, the Court should **DISMISS** Plaintiff's § 1983 claims

for monetary relief against Defendants in their official capacities.

## II.     Deliberate Indifference to Serious Medical Needs

The cruel and unusual punishment standard of the Eighth Amendment requires prison

officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care."

<u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  Moreover, the right to receive medical care

"encompasses a right to psychiatric and mental health care, and a right to be protected from self-

inflicted injuries, including suicide."  <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe County,</u>

402 F.3d 1092, 1115 (11th Cir. 2005) (citing to <u>Belcher v. City of Foley</u>, 30 F.3d 1390, 1396 (11th Cir. 1994)); <u>see also</u> <u>Cagle v. Sutherland</u>, 334 F.3d 980, 985 (11th Cir. 2003). In the medical care context, the standard for cruel and unusual punishment is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. <u>Id.</u> at 828. To prove a deliberate indifference to serious medical needs claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1326 (11th Cir. 2007). For the following reasons, I find Plaintiff states a cognizable claim for deliberate indifference to serious medical needs against Defendants Dugger, Heard, and Patton in their individual capacities.

### A. Whether Plaintiff had Serious Medical Needs

A medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Id.</u> Plaintiff told Defendants Dugger and Heard he felt suicidal; then, several hours later, Plaintiff told several guards, including Defendants Heard and Patton, he had cut himself. Doc. 1 at 5. Based solely on Plaintiff's allegations, Plaintiff's suicidal ideation and Plaintiff's arm wound could both constitute medical needs so obvious that even a lay person would recognize the necessity for medical attention. See <u>Jacoby v. Baldwin County</u>, 596 F. App'x 757, 763 (11th Cir. 2014) (finding inmate's mental health problems, including suicidal ideation, mania, depression, and self-harming constituted a serious medical need); <u>see also</u> <u>Aldridge v. Montgomery</u>, 753, F.2d 970, 972 (11th Cir. 1985) (concluding that

one-and-a-half-inch cut over detainee's eye bleeding for two and a half hours was a serious medical need).

**B.      Whether Defendants Acted with Deliberate Indifference**

Under the second, subjective element of a deliberate indifference claim, the Eleventh Circuit Court of Appeals has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, this component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). Under these elements, a court analyzing whether a defendant acted with deliberate indifference must typically assess a defendant's knowledge of the seriousness of the plaintiff's medical condition and her action, or inaction, in the face of such knowledge. See, e.g., Lancaster v. Monroe County, 116 F.3d 1419, 1426 (11th Cir. 1997), *overruled on other grounds*, LeFrere v. Quezada, 588 F.3d 1317, 1318 (11th Cir. 2009).

*1.      Defendant Dugger*

Plaintiff alleges Defendant Dugger exhibited deliberate indifference to Plaintiff's serious medical need because Defendant Dugger heard Plaintiff say he felt suicidal. Whether a defendant is deliberately indifferent to threat of suicide depends on the likelihood self-inflicted harm will occur, and may involve a fact specific inquiry. See, e.g., Fowler v. Chattooga County, 307 F. App'x 363, 364–65 (11th Cir. 2009) (finding that two-month old incident—where jail

officials observed inmate with a sheet and concluded he was a threat to hang himself—was temporally remote to establish strong likelihood of suicide).

At this point, the Court cannot say, as a matter of law, that Plaintiff has failed to allege Defendant Dugger was deliberately indifferent to Plaintiff's serious medical need. Plaintiff's allegations against Defendant Dugger are limited, providing no indication of any history of suicide attempts or other indicia that would have increased (or decreased) the likelihood that Plaintiff would act on his threats of self-harm. Nonetheless, Plaintiff alleges facts suggesting Defendant Dugger had subjective awareness of Plaintiff's suicide risk and recklessly disregarded the risk of his self-inflicted injury. These facts are sufficient to support Plaintiff's claim against Defendant Dugger—at least for the purposes of frivolity review—and, therefore, Plaintiff's deliberate indifference claim against Defendant Dugger will not be dismissed at this time.

### 2. *Defendant Heard*

Plaintiff sufficiently alleges Defendant Heard was deliberately indifferent to his serious medical needs. First, Defendant Heard was present when Plaintiff communicated his suicidal ideation to Defendant Dugger, and, for the same reasons set out above, shall proceed. Second, more than seven hours after Plaintiff told Defendant Heard he felt suicidal, Defendant Heard was informed by Plaintiff that he had cut himself. Defendants Heard and Dugger initially told Plaintiff they would send someone to come talk to him; however, when confronted with Plaintiff's self-inflicted injury hours later, Defendant Heard told Plaintiff to tell the next shift.

According to Plaintiff, more than 24 hours passed between Plaintiff's expression of suicidal thoughts, Plaintiff's self-inflicted injury, and Plaintiff's treatment, during which time Defendant Heard was aware of Plaintiff's medical needs and provided "no treatment at all." Bingham, 654 F.3d at 1176. For the above reasons, I find Plaintiff has sufficiently alleged

Defendant Heard acted with deliberate indifference to both Plaintiff's suicidal ideation and Plaintiff's arm wound.

### 3. *Defendant Patton*

For the reasons discussed above, I find Plaintiff's claims of deliberate indifference against Defendant Patton to be cognizable. Although Defendant Patton was unaware of Plaintiff's suicidal ideation, Patton learned of Plaintiff's self-inflicted injuries during an inmate count when Plaintiff told her he had cut himself. Nonetheless, Defendant Patton told Plaintiff she did not care and left. Plaintiff received medical care approximately 18 hours later. Therefore, Plaintiff sufficiently alleges Defendant Patton "intentionally denie[d] or delay[ed] access to medical care." Estelle, 429 U.S. at 104–05.

### 4. *Unknown Officer*

Plaintiff also alleges the deliberate indifference of a third officer who responded "okay" when Plaintiff informed her of his injury and walked away without providing any assistance. To the extent Plaintiff intends to assert claims against this unknown officer, the Court **ORDERS** Plaintiff to file a supplement to his Complaint identifying the unnamed officer who Plaintiff told he had cut himself or provide enough descriptive information about that officer to make service possible within 30 days of this Order. Plaintiff's failure to do so will result in the dismissal of any putative claims against this individual.

### 5. *Defendant Allen*

Unlike the other Defendants, Plaintiff fails to allege Defendant Allen directly participated in any deliberate indifference to Plaintiff's serious medical needs. Plaintiff's only allegations against Defendant Allen concern Allen's statements to Plaintiff once he was already receiving medical care. Specifically, Plaintiff alleges that, while he was in a holding cell in the medical

ward, Defendant Allen approached him and told him, "I heard my officers let you bleed out until today, I bet you won't be cutting again." Doc. 1 at 6. Defendant Allen's statement—which is assumed to be have occurred for the purposes of frivolity review—is, at most, an after-the-fact approval for the other Defendants' actions but does not demonstrate Defendant Allen was, himself, deliberately indifference to Plaintiff's serious medical needs. Indeed, Plaintiff must show that Defendant Allen had subjective knowledge of a risk of serious harm and that his disregard of that risk by conduct that is more than mere negligence. See Haney, 69 F.3d at 1102 (holding defendant must "know of and disregard an excessive risk to an inmate's health or safety."). Defendant Allen's comment to Plaintiff in the holding cell, without more, does not support the elements of a deliberate indifference claim against Defendant Allen. Therefore, I **RECOMMEND** Plaintiff's claim against Defendant Allen be **DISMISSED**.

## III.     Motion for Release of Information

Plaintiff requests medical and mental health records pertaining to "all crisis admissions, diagnosis, examinations, physiotherapist reports, anything that has to do with self-harm and treatment thereof" to assist him in preparing a brief. Doc. 12. However, Plaintiff's Motion is premature because Defendants have not yet been notified of the lawsuit pending against them. Plaintiff may, in the future, renew his Motion for Release of Information once Defendants have had an opportunity to respond to the Complaint and discovery has commenced. The Court **DENIES as premature** Plaintiff's Motion.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities and deliberate indifference to serious medical needs against Defendant Allen. However, Plaintiff arguably states colorable

claims for relief against Defendants Dugger, Patton, and Heard for deliberate indifference to serious medical needs.  The Court **ORDERS** that a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon Defendants Sergeant Dugger, Officer Heard, and Officer Patton of Georgia State Prison by the United States Marshal without prepayment of cost.

Furthermore, the Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  Finally, the Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

# INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 et seq. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate.  Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest

Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of January, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA